UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JOEY D. RAMSEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 12-06-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| TIM KEARNS, d/b/a | ) | **OPINION & ORDER** |
| Albatross Air, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

If the Court had a nickel for every time it stated that "federal courts are courts of limited jurisdiction," the U.S. Treasury might start running a surplus. Congress has limited federal jurisdiction by requiring the amount in controversy in diversity cases to exceed $75,000. 28 U.S.C. § 1332(a). Here, Defendant Tim Kearns has not shown that the amount in controversy between him and Plaintiff Joey D. Ramsey exceeds $75,000, so the Court lacks jurisdiction and must remand this case.

## BACKGROUND

On December 10, 2010, Ramsey, a Kentucky citizen, was driving his tractor-trailer truck near Isom, Kentucky. First Am. Compl., R. 1-2 ¶¶ 1, 4. Unbeknownst to Ramsey, Tim Kearns of Albatross Air, Inc., was flying above him that day in a helicopter. *Id.* ¶ 6. Kearns, a West Virginia citizen, was surveying power lines from the air, but he accidentally steered too close to some of the lines. *Id.* His helicopter sliced the lines in two, causing one to fall and hit Ramsey's truck. *Id.* ¶¶ 6-7. Ramsey sustained serious injuries from the accident: he received treatment at a hospital in Whitesburg, Kentucky that day, and returned to hospitals

more than a dozen times over the next year for physical therapy, doctor's visits, and an MRI scan. Those visits cost him $16,037.93. Chronology of Med. Treatment, R. 8-7 at 2-3. On January 10, 2012, Ramsey filed suit in Letcher Circuit Court, seeking an unspecified amount in compensatory damages, punitive damages, attorney's fees, and court costs. The next day, Kearns removed the case to this Court. R. 1.

## DISCUSSION

I.   **Amount in Controversy**

The removing party bears the burden of showing by a preponderance of the evidence that the case meets the amount-in-controversy requirement. *See* 28 U.S.C. § 1446(c)(2)(B); *Everett v. Verizon Wireless*, 460 F.3d 818, 822 (6th Cir. 2006) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010)). Sometimes, this burden is easy to meet: plaintiffs frequently demand more than $75,000 in their complaints. When they do, and the defendant removes the case to federal court, the plaintiff can avoid removal by showing to a "legal certainty" that the amount in controversy is actually less than the face of the complaint. *Gafford*, 997 F.2d at 157. But if a state's procedural rules prohibit plaintiffs from specifying the amount of damages in their complaints, as they do in Kentucky, a defendant must go beyond the pleadings to prove the amount in controversy. A defendant's claims of the amount in controversy must be supported by "competent proof," *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936), which can include affidavits, documents, or interrogatories, *see Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330

(6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 927 F.2d 320, 325 (6th Cir. 1990)).

In this case, Kearns has not yet met his burden. With his notice of removal, Kearns submitted evidence that Ramsey had claimed medical expenses of $16,037.93. R. 1-3 at 1. So far, so good, but nearly $60,000 short. To reach the jurisdictional minimum, Kearns then attempts to tally up damages that Ramsey has yet to claim. Future medical care must be at least as expensive as past medical care, he says, so tack on an extra $16,000. Surely, Kearns continues, punitive damages must be at least as much as medical expenses, so add another $32,000. Ramsey also asks for pain and suffering damages; those must be worth something too. And the cherry on the sundae: attorney's fees of at least 30 percent. Voilà, Kearns has transformed Ramsey's $16,000 claim into one for $125,000.

But Kearns's attenuated chain of inferences does not establish an amount in controversy over $75,000. Yes, Ramsey is seeking more than just the $16,000 in medical expenses he has already incurred. But based on the record, the Court has no way of knowing *how* much more. Ramsey, for his part, explicitly claims the amount in controversy is less than $75,000. R. 8-4 ¶ 13; R. 1-2 ¶ 14. Kearns's assumptions that Ramsey will seek future medical expenses of $16,000, punitive damages of $32,000, and attorney's fees of 30 percent are pure speculation. But the Court can only rely on "competent proof" of the amount in controversy, *McNutt*, 298 U.S. at 189, and speculation is not competent proof. As a result, Kearns has not shown by a preponderance that more than $75,000 is in controversy.

Admittedly, the minimum amount in controversy is satisfied if a "fair reading" of the plaintiff's complaint makes it more likely than not that the damages exceed $75,000. *Hayes*

*v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001).  But in *Hayes*, for example, the plaintiffs claimed royalties and the gross value of oil extracted from four wells over a sixty-year period, plus punitive damages.  *Id.*  No great leap of imagination was needed to conclude that the *Hayes* plaintiffs sought more than $75,000.  The value of bodily injuries, on the other hand, is more difficult to ascertain.  *See Burgett v. Troy-Bilt LLC*, No. 11-110-ART, 2011 WL 4715176, at *2 (E.D. Ky. Oct. 5, 2011) ("[W]hat is the value of a pinky toe?").  Other courts have found that personal injury cases had facial values of more than $75,000 only when the plaintiffs sustained grievous injuries.  *See, e.g.*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding a complaint alleged damages greater than $75,000 when the plaintiff suffered congestive heart failure and six-day hospital stay).

If Kearns has evidence that the amount in controversy totals more than $75,000—perhaps records of additional medical expenses, claims of lost wages, interrogatory responses, or deposition testimony, among other possibilities—he must introduce that evidence into the record before removal.  If Kearns has no such evidence, he can attempt to obtain it in state court discovery.  *See, e.g.*, *May v. Wal-Mart Stores, Inc.,* 751 F .Supp. 2d 946, 948 (E.D. Ky. 2010).  Indeed, recent changes to the removal statute make it clear that defendants should pursue state-court discovery before removal.  *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103, 125 Stat. 758, 759–62.  On January 6, 2012, an amended version of 28 U.S.C. § 1446 took effect.  These amendments give defendants a new thirty-day window to remove a case if they receive discovery from the plaintiff in state court showing that the jurisdictional minimum is met.  28

4

U.S.C. § 1446(c)(3)(A). And if a plaintiff intentionally fails to disclose the true amount in controversy to prevent removal, the statute exempts the defendant from the usual requirement to remove within one year of the start of the case. 28 U.S.C. § 1446(c)(3)(B). Kearns removed this case on January 11, 2012, so the removal statute explicitly allowed him to establish the amount in controversy through state-court discovery. He chose not to do so.

In his response to the remand motion, Kearns cites cases that are not binding on this Court. *See* R. 8 at 6. And in any event, those cases are factually distinguishable from this case. For example, in *Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 850 (E.D. Ky. 2006), the plaintiff claimed only that her compensatory damages were less than $75,000, omitting any description of the amount of punitive damages or attorney's fees she requested. Ramsey's complaint, by contrast, states that the *total* amount in controversy is less than $75,000. R. 8-4 ¶ 13. Furthermore, the cases Kearns cites predate the recent amendments to the removal statute, Sixth Circuit cases clarifying the removal standard, and an established line of this Court's precedent. *See, e.g.*, Federal Courts Jurisdiction and Venue Clarification Act § 103; *Gentek Bldg. Prods.*, 491 F.3d at 330; *Everett*, 460 F.3d at 822; *Giffin v. Runyons*, No. 11-146-ART, 2011 WL 5025074, at *2-3 (E.D. Ky. Oct. 21, 2011); *Burgett*, 2011 WL 4715176, at *2; *Carter v. Pikeville Med. Ctr.*, No. 10-105-ART, 2010 WL 4483968, at *3 (E.D. Ky. Nov. 1, 2010); *May*, 751 F. Supp. 2d at 949; *Minix v. Kawasaki Motors Corp.*, No. 09-90-ART, 2009 WL 2212282, at *3 (E.D. Ky. July 23, 2009). The cases Kearns cites are therefore unpersuasive.

## II.     Unanimity of Removal

Ramsey, in his motion to remand, also argues that the removal is improper because one defendant, WOG, LLC, did not join in removing the case. In response, Kearns claims that WOG, LLC, was not required to join in removal because Ramsey does not have a colorable cause of action against it. R. 8-1 at 3-4. Because Kearns has failed to show that the amount in controversy is satisfied in this case, the Court need not decide whether WOG, LLC, needed to join the removal.

## III.    Attorney's Fees

Ramsey also asks the Court to award him attorney's fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts should only award fees under § 1447(c) if "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Kearns's arguments were flawed, but the Court cannot say they were unreasonable. Although this Court has awarded attorney's fees under § 1447(c) where a defendant removes a case with "no evidence of the amount in controversy," *Caudill v. Ritchie*, No. 09-28-ART, 2009 WL 1211017, at *4 (E.D. Ky. May 1, 2009), Kearns at least had some evidence. Ramsey's past medical expenses do not establish by a preponderance that the amount in controversy exceeds $75,000, but, based on the nonbinding cases he cited, Kearns might have believed they would. The Court will therefore deny Ramsey's request for fees.

## CONCLUSION

Accordingly, it is **ORDERED** that Ramsey's motion to remand, R. 6, is **GRANTED** and this case is **REMANDED** to the Letcher Circuit Court. The Clerk shall **STRIKE** this case from the Court's active docket. It is further **ORDERED** that Ramsey's motion for attorney's fees is **DENIED**.

This the 23rd day of February, 2012.

Signed By:
*Amul R. Thapar* AT
United States District Judge